UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEN H. SCOTT (#94592)                                    CIVIL ACTION NO.

VERSUS                                                             19-150-SDD-EWD

RICKY WILLIAMS, ET AL.

## ORDER

Before the Court is a Motion to Stay Discovery filed by Defendants West Harris, Walter Johnson, Jeremy Mitchell, and Ricky Williams.[1] Defendants have asserted the defense of qualified immunity in a Motion to Dismiss that is pending before the Court.[2] Plaintiff has not filed an opposition to the Motion to Stay Discovery, but because the law regarding the effect of raising the qualified immunity defense on discovery is clear, no opposition is required.

When the qualified immunity defense has been raised, discovery is generally not allowed until resolution of that threshold issue unless the court determines that it is unable to rule on the qualified immunity defense without additional facts:

> The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the *Lion Boulos* court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed."); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Lion Boulos*, 834 F.2d at 507-

---

[1] R. Doc. 12.
[2] *See* R. Doc. 11-1, pp. 10-14.

08) (emphasis in original) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'").[3]

Accordingly, finding good cause to grant Defendants' Motion to Stay Discovery,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery[4] is hereby **GRANTED**, and discovery is hereby **STAYED** pending a resolution of Defendants' Motion to Dismiss[5] that raises the defense of qualified immunity. The parties are advised that, upon the issuance of a final Ruling on Defendants' pending Motion to Dismiss, and in the event that the Motion is not granted in Defendants' favor, the parties may recommence discovery and shall have a period of 90 days from the date of the Ruling to complete discovery and shall have a period of 120 days from that date within which to file cross-motions for summary judgment.

Signed in Baton Rouge, Louisiana, on August 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Wilson v. Sharp*, No. 17-84, 2017 WL 4685002, at *2 (M.D. La. Oct. 18, 2017).
[4] R. Docs. 12.
[5] R. Doc. 11.