## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BEN H. SCOTT (#94592)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                             **19-150-SDD-EWD**

**RICKY WILLIAMS, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 24, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEN H. SCOTT (#94592)                                    CIVIL ACTION NO.

VERSUS                                                   19-150-SDD-EWD

RICKY WILLIAMS, ET AL.

MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER

Before the Court is a Motion for Summary Judgment ("Defendants' Motion"),[1] filed by

Walter Johnson ("Johnson") and Ricky Williams ("Williams") (collectively "Defendants"). The

Defendants' Motion is unopposed, but Ben H. Scott ("Plaintiff") has also filed a Motion for

Summary Judgment ("Plaintiff's Motion").[2] Defendants have opposed Plaintiff's Motion.[3] As

Plaintiff's claims are unexhausted, it is recommended that Defendants' Motion be granted, and

Plaintiff's Motion be denied. As dismissal is recommended, Plaintiff's Motion for Subpoena

Duces Tecum[4] will be denied without prejudice to reurging if the recommendation is not adopted.

I.      Background

Plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI") in Jackson,

Louisiana, instituted this action against Williams, Johnson, Jeremy Mitchell ("Mitchell"), and

West Harris ("Harris") pursuant to 42 U.S.C. § 1983. Mitchell and Harris were previously

dismissed, leaving Williams and Johnson as the only remaining Defendants.[5] Plaintiff's

Complaint relates to an incident of alleged excessive force that occurred on June 21, 2018.[6]

---

[1] R. Doc. 22.
[2] R. Doc. 27.
[3] R. Doc. 28.
[4] R. Doc. 29.
[5] R. Doc. 15.
[6] R. Doc. 1, p. 4.

II.     Law & Analysis

A. Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, so that the moving party is entitled to judgment as a matter of law.[7]  A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[8]  If the moving party carries that burden of proof under Rule 56, the opposing party must point to specific evidence in the record which shows that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[9]  Summary judgment must be entered against a party who fails to make a showing necessary to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[10]  In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[11]

B. Plaintiff Failed to Exhaust Administrative Remedies

Defendants contend that Plaintiff failed to exhaust administrative remedies prior to filing suit.[12]  Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison before bringing a civil action in this Court with respect to prison

---

[7] Fed. R. Civ. P. 56.  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[8] *Celotex Corp.*, 477 U.S. at 323.
[9] *Anderson*, 477 U.S. at 248.
[10] *Celotex Corp.*, 477 U.S. at 323.
[11] *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).
[12] R. Doc. 22-1, pp. 6-9.

conditions.[13]  This provision is mandatory and applies broadly to "all inmate suits about prison life."[14]  To exhaust administrative remedies a prisoner must follow applicable prison grievance procedures before filing a suit relative to prison conditions.[15]  This requires compliance with the agency's deadlines and other critical procedural rules.[16]  The Fifth Circuit has taken a strict approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must "exhaust available remedies properly."[17]  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"[18]  The degree of specificity required in a prisoner's grievance should be evaluated in light of this intended purpose.[19]

Here, the competent summary judgment evidence produced shows that Plaintiff did not exhaust his available administrative remedies in connection with his claims before filing suit.  The Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that generally requires the submission of an initial grievance to the warden's office at the inmate's facility,[20] although an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance that addresses a "problem of an emergency nature."[21]  In either instance, upon receipt, prison officials must provide

---

[13] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[14] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[15] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

[16] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

[17] *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

[18] *Johnson*, 385 F.3d at 516, *quoting Porter*, 534 U.S. at 525.

[19] *Id.*

[20] *See* 22 La. Admin. Code, Part I, § 325.

[21] *See* 22 La. Admin. Code, Part I, § 325(H).  An emergency grievance is submitted directly to the shift supervisor instead of to the warden's office.

a written response (the "First Step Response") within 40 days (reduced to 5 days in connection

with a Prison Rape Elimination Act claim) unless there is an extension requested or the grievance

is placed on administrative backlog (because of other pending grievances).[22]

If the inmate is not satisfied with the First Step Response, the inmate has five days after

receipt to submit a Second Step appeal to the office of the Secretary of the Department.  The

Secretary's office then has an additional 45 days from "receipt" of the inmate's appeal to file a

final Second Step Response.[23]  Under the administrative rules, no more than 90 days may pass

from the start to the completion of the process, unless an extension has been granted.[24] Further, at

any step of the administrative process, an inmate may proceed to the next step without waiting for

a response once the time allowed for a response has passed.[25]

Defendants have produced competent summary judgment evidence to show that, although

Plaintiff filed a grievance at the first step, he never properly proceeded to the second step in the

administrative remedy process.[26]  ARP No. 2018-654, in which Plaintiff complains of the June 21,

2018 incident,[27] was identified by Plaintiff as the relevant ARP for purposes of this litigation.[28]

According to affidavit of Cherryl Washington, whose duties include "receiving, screening, and

processing" administrative grievances,[29] Plaintiff never proceeded to the second step once the time

period for issuing a response at the first step passed or after he received a response at the first step,

although the response issued at the first step was untimely.[30]

---

[22] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).
[23] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b).
[24] *Id.*
[25] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[26] *See* R. Docs. 22-1, pp. 6-9; R. Doc. 22-4, p.4.
[27] R. Doc. 22-5.
[28] R. Doc. 1, p. 2.
[29] R. Doc. 22-4, p. 1.
[30] R. Doc. 22-4, pp. 3-4; R. Doc. 22-6, p. 4. Rather than proceeding to the second step regarding ARP No. 2018-654, it appears that Plaintiff submitted another ARP regarding the same incident.  This second APR, ARP No. 2019-48, was rejected at the first step because it was not timely filed.  R. Docs. 22-4, pp. 4-5; 22-6, p. 8.  Based on evidence

Plaintiff's argument for summary judgment in his favor, and against Defendants, regarding exhaustion is that the first step response to the pertinent ARP was untimely, and that he proceeded unilaterally to the second step. In support of his argument, Plaintiff has submitted a letter, dated January 23, 2019, addressed to Jeffrey Travis, Chief of DOC Operations. The letter explains that Plaintiff has not received a first step response, despite much time passing, and explains Plaintiff's effort to contact ARP screening officer, Cherryl Washington, to obtain a response.[31] First, this document does not constitute competent summary judgment evidence. Though Plaintiff is representing himself, "[e]ven pro se litigants may not oppose summary judgment with unsworn materials."[32]

Additionally, the letter is addressed to "Mr. Jeffery Travis, Chief of Operations, D.O.C."[33] The administrative remedy procedure provides that "[a]n offender who is dissatisfied with the first step response…may appeal to the *secretary* of the Department of Public Safety and Corrections…."[34] The grievance procedure does not contemplate an appeal being made to any other employee of the Department of Public Safety and Corrections; rather, it requires that the appeal be directed specifically to the secretary. Thus, even if the letter is considered, it does not create a genuine issue of material fact because the letter establishes that Plaintiff did not *properly* proceed to the second step in that his appeal was not directed to the correct person.[35]

---

provided by Defendants, ARP No. 2019-48 was the only other ARP submitted by Plaintiff relating to the incident complained of in this suit. A first step response was issued with respect to ARP No. 2019-48, but Plaintiff did not proceed to the second step with respect to that ARP either. R. Doc. 22-4, p. 5.

[31] R. Doc. 27-1, pp. 62-73.

[32] *Turner v. Baird*, 707 Fed.Appx. 290, 291 (5th Cir. 2017) (citing *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).

[33] R. Doc. 27-1, pp. 62-64.

[34] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b) (emphasis added).

[35] While Plaintiff's frustration regarding his efforts to obtain a response to ARP No. 2018-654 are understandable, an inmate is required by law to properly exhaust administrative remedies before filing a suit related to prison conditions.

Because there is no genuine dispute as to whether Plaintiff exhausted administrative remedies, Defendants' Motion for Summary Judgment[36] should be granted, and Plaintiff's Motion for Summary Judgment[37] should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment,[38] filed on behalf of Ricky Williams and Walter Johnson, be **GRANTED**; that Plaintiff's Motion for Summary Judgment[39] be **DENIED**; that Plaintiff's claims against Ricky Williams and Walter Johnson be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as required by 28 U.S.C. § 1997e; and that this matter be **CLOSED** as all claims have been resolved.

## ORDER

Considering the recommendation of dismissal of the remaining claims in this matter, **IT IS ORDERED** that Plaintiff's "Motion for Subpoena Duces Tectum"[40] is **DENIED** without prejudice to refiling if the recommendation is not adopted.

Signed in Baton Rouge, Louisiana, on February 24, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

Plaintiff does not provide sufficient evidence to overcome summary judgment as to whether he fully and properly exhausted the available administrative remedies.

[36] R. Doc. 22.

[37] R. Doc. 27.

[38] R. Doc. 22.

[39] R. Doc. 27.

[40] R. Doc. 29. The Motion for Subpoena seeks documents relative to the merits of this litigation and does not seek any documents that would affect this Court's determination regarding the pending Motions for Summary Judgment.